UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUDY JACKSON,

    Petitioner,

v.                                  Case No. 8:07-CV-1699-T-17TGW

JAMES R. MCDONOUGH, Secretary,
Department of Corrections,

    Respondent.

_____

## ORDER

This cause is before the Court on Petitioner Jackson's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Jackson, an inmate at Washington Correctional Institution, challenges his conviction for burglary of a dwelling, petit theft first degree, aggravated fleeing to elude, and felon in possession of a firearm, arising out of the Thirteenth Judicial Circuit, Hillsborough County, Florida, in case nos. 03-3336 and 03-6891.

## *PROCEDURAL HISTORY*

On July 29, 2003, Petitioner pled guilty to all counts in two indictments:

Indictment One
Count I – Aggravated Fleeing to Elude
Count II – Felon in Possession of a Firearm

Indictment Two
Count I – Burglary of a Dwelling
Count II – Petit Theft First Degree

Petitioner's Uniform pleas indicate that no agreement as to a sentence had been reached on either indictment. When Petitioner pled guilty, Judge William Fuente adjudicated Petitioner guilty of all

counts. On Indictment One, Judge Fuente sentenced Petitioner to 6.15 years in prison for Count I, and time served for Count II. On Indictment Two, Judge Fuente sentenced Petitioner to 15 years in prison for Count I, and time served for Count II.

On December 4, 2003, Petitioner filed a *pro se* motion to withdraw his plea. Judge Fuente denied that motion on January 10, 2005. Petitioner appealed the denial on January 28, 2005. Petitioner's court-appointed appellate counsel, Assistant Public Defender Allyn M. Giambalvo, filed an *Anders* brief in the appeal on June 22, 2005. The State filed its answer brief on August 1, 2005. The Second District Court of Appeal affirmed the lower court's decision without written opinion on December 2, 2005. *Jackson v. State*, 916 So.2d 800 (Fla. 2d DCA 2005) (table). The mandate issued on December 29, 2005.

Petitioner filed a Rule 3.850 motion on April 17, 2006, raising the following claims:

1. Ineffective assistance of counsel for failure to investigate and present mitigating evidence of defendant's mental history at his sentencing hearings.
2. Ineffective assistance of counsel for failure to investigate his defense that the police misidentified him in case 03-3336.

The post-conviction court issued an order denying in part and dismissing in part Petitioner's motion on December 21, 2006. On January 12, 2007, Petitioner appealed. The Second District Court of Appeal affirmed the lower court's decision without written opinion on August 1, 2007. *Jackson v. State*, 961 So. 2d 945 (Fla. 2d DCA 2007) (table). The mandate issued on August 22, 2007.

Petitioner filed the instant petition on September 16, 2007. The petition appears to be timely, and Respondent does not raise a time-bar argument. *See* 28 U.S.C. § 2244(d)(1).

### THE PETITION

The instant petition presents the following grounds for relief:

**Ground One:** Denial of Fifth, Sixth, and Fourteenth Amendment rights under the U.S. Constitution, where Petitioner was denied effective assistance of counsel when counsel misled the petitioner to believe that if he pled guilty that he would receive a youthful offender sentence and not Fifteen years. Petitioner contends that if he would have known the trial court was not going to impose youthful offender sentence, he would not have pleaded guilty but instead went to trial.

**Ground Two:** Denial of Fifth, Sixth, and Fourteenth Amendment rights under the U.S. Constitution, where Petitioner was denied effective assistance of counsel when counsel failed to investigate potential defense that petitioner was intoxicated at time burglary was committed and petitioner never had intent to commit any crime as petitioner thought that house was vacant and was just looking for a place to sleep.

**Ground Three:** Denial of Firth, Sixth, and Fourteenth Amendment rights under the U.S. Constitution, where Petitioner was denied effective assistance of counsel when counsel failed to investigate petitioner's mental history and present mitigating factors at sentencing hearing after advising petitioner that he would do so. Therefore, trial counsel was ineffective and if counsel would have investigated, there is a reasonable probability that the trial court would have given the petitioner a downward departure and not the fifteen years mandatory.

**Ground Four:** Denial of Fifth, Sixth, and Fourteenth Amendment rights under the U.S. Constitution, where Petitioner was denied effective assistance of counsel when counsel failed to investigate misidentification defense as petitioner advised counsel that he was not the one driving the car that was pulled over by the police as petitioner gave trial counsel name and his sister's address which sister boyfriend was waiting on counsel to contact them, which would have proven that sister's boyfriend did have car on the night it was pulled over.

Petition pp. 5-10 as set out by Petitioner verbatim (Dkt. 1).

## *DISCUSSION*

### I. Standard of Review

A petition under § 2254 cannot be granted unless the petitioner "has exhausted the remedies available in the courts of the State," or the state's corrective process is absent or deficient. 28 U.S.C. § 2254(b)(1). In order for a federal court to review a claim, Petitioner "must have presented his claims in state court in a procedurally correct manner." *Upshaw v. Singletary*, 70 F.3d 576, 579

(11th Cir. 1995). "A state court's denial of a claim based on a procedural violation generally bars a federal court from considering the claim." *Id.*

A petitioner must also "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (citation omitted). "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Id.* (citation omitted).

A conviction will be vacated on ineffective assistance of counsel grounds if Defendant can prove that: (1) counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness"; and (2) the deficient performance prejudiced the Defendant, i.e. there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). Petitioner must prove both prongs of the *Strickland* test to succeed on his claims. *Id.* at 697. In applying the *Strickland* test, a court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90.

## II. Discussion

### A. Ground One

Petitioner alleges ineffective assistance of counsel for counsel's advising him to enter a plea with the premise that Petitioner would be sentenced as a youthful offender. This allegation was originally raised in Petitioner's motion to withdraw his plea. For this ground to have been exhausted at the state level, Petitioner must have implicated federal law in his allegation of ineffective assistance of counsel. Federal law is not cited anywhere in Petitioner's motion to

withdraw his plea or the order denying the motion to withdraw the plea. This lack of federal case law suggests that Ground One is unexhausted, and therefore procedurally defaulted because if Petitioner were to re-raise this allegation in a Rule 3.850 motion, it would be dismissed as successive. Even if the federal claim were implicated at the state level, Ground One fails on its merit.

The record is replete with evidence to suggest that Petitioner was aware of the risk of being sentenced as an adult at the time of his plea. Judge Fuente informed Petitioner on July 29, 2003: "if I sentence you as an adult not as a youthful offender, the -- the sentence that I must impose would be 15 years for the Burglary." Respondent's Exhibit 1, p. 128. Further, Judge Fuente informed Petitioner that there is "no assurance" that he would be sentenced as a youthful offender. *Id.* at 129. Judge Fuente also stressed to Petitioner that an open plea included no agreement as to the sentence that would be imposed. *Id.* The record shows that Petitioner entered into the plea knowingly and voluntarily. Petitioner has failed to show prejudice. Since Petitioner fails to meet *Strickland*'s requirement of prejudice, there is no need to evaluate the performance prong. Petitioner has failed to prove ineffective assistance of counsel, and Ground One does not warrant relief.

*B. Ground Two*

Petitioner alleges ineffective assistance of counsel for counsel's failing to investigate an intoxication defense. Voluntary intoxication is no longer a defense under Florida law after October 1, 1999. *See* Fla. Stat. § 755.051. Further, a plea of guilty prevents Petitioner from raising claims of constitutional violations relating to events that occurred prior to the entry of the plea. *See Tollett v. Henderson*, 411 U.S. 258, 266-267 (1973). Petitioner has failed to show that counsel's conduct fell below an objective standard of reasonable assistance, and has failed to show prejudice. Petitioner has failed to prove ineffective assistance of counsel, and Ground Two does not warrant relief.

5

### C. Ground Three

Petitioner alleges ineffective assistance of counsel for counsel's failing to investigate and present mitigating evidence of Petitioner's mental history at his sentencing hearing. As noted in the order on Petitioner's Rule 3.850 motion, Respondent's Exhibit 6, p. 3-4, Petitioner's counsel effectively argued for a reduced sentence based on Petitioner's mental history at sentencing on November 18, 2003. Petitioner's counsel mentioned a diagnosis of major depression, previous suicide attempts, and poor intellectual functioning in his argument for a reduced sentence. Respondent's Exhibit 1, p. 178-179. Petitioner has failed to show that counsel's conduct fell below an objective standard of reasonable assistance, and therefore has failed to prove ineffective assistance of counsel. Ground Three does not warrant relief.

### D. Ground Four

Petitioner alleges ineffective assistance of counsel for counsel's failing to investigate his claim of misidentification. Petitioner claims that his sister's boyfriend actually committed the crimes in Indictment Two. When Petitioner raised this allegation in his Rule 3.850 motion, the state court dismissed the allegation as successive under Rule 3.850(f). The court found that the merits of Petitioner's allegation had already been decided in the order denying the motion to withdraw plea. Because the allegation was dismissed in state court as successive, Ground Four is procedurally defaulted. To excuse procedural default, Petitioner must show either (1) cause for default and actual prejudice, or (2) a fundamental miscarriage of justice resulting in the conviction of an "actually innocent" defendant. *See Wainwright v. Sykes*, 433 U.S. 72 (1977); *Murray v. Carrier*, 477 U.S. 478 (1986). Petitioner has not proven either exception that would cause this Court to entertain a procedurally defaulted claim.

Further, because Petitioner entered a plea of guilty, he is barred from raising claims of constitutional violation relating to events that occurred prior to the entry of the plea. *See Tollett*, 411 U.S. at 266-267. Ground Four alleges such a constitutional claim, and therefore does not warrant relief.

## *CONCLUSION*

For all the above-stated reasons, it is

**ORDERED** that Jackson's petition is denied. The clerk is directed to enter judgment against Jackson and to close this case.

ORDERED at Tampa, Florida, on ___June 22nd___, 2009.

## *CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED*

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

7

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forms pauperis.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record

Rudy Jackson